IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-74,952-01 & WR-74,952-02




EX PARTE DENISE CAROLYN WILLIAMS, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 10,758 & 10,843 IN THE 32ND JUDICIAL DISTRICT COURT
FROM NOLAN COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas of guilty
to two charges of possession with intent to deliver a controlled substance, and was sentenced to forty
years’ imprisonment for the -01 charge, and fifteen years’ imprisonment for the -02 charge, to be
served concurrently. She did not appeal her convictions.
            Applicant contends, inter alia, that her trial counsel rendered ineffective assistance because 
counsel failed to investigate, seek out and interview witnesses, failed to investigate or have
Applicant evaluated for competency, failed to challenge the search and seizure, failed to advise
Applicant of the nature and consequences of her pleas, and failed to advise Applicant of her appellate
rights. 
            Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall supplement the habeas record with copies of the clerk’s records in these
cases, including the transcript of the plea hearings, copies of the PSI reports, any pre-trial motions
filed by counsel in these cases, and the trial dockets. The trial court shall make findings of fact as
to whether counsel investigated the facts of these cases, whether counsel sought out or interviewed
potential witnesses, particularly Ashley Regaldo, whether counsel investigated the circumstances of
the consent to search allegedly signed by Applicant, whether counsel was aware that Applicant could
not read or write, whether counsel was aware of Applicant’s mental health history, whether counsel 
was given any reason to have Applicant evaluated for competency, and what advice Applicant was
given by counsel with respect to the nature and consequences of her pleas. The trial court shall make
findings as to whether Applicant was advised of her appellate rights in these cases, and as to whether
she indicated a desire to appeal. The trial court shall make findings as to whether the performance
of Applicant’s trial attorney was deficient and, if so, whether counsel’s deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant’s claims for habeas corpus
relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: November 24, 2010
Do not publish